IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| COMMON GROUND HEALTHCARE COOPERATIVE,<br><br>    Plaintiff,<br>    on behalf of itself and all others similarly situated,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>    Defendant. | No. 1:17-cv-00877-MMS<br>(Judge Sweeney) |

**JOINT STATUS REPORT**

Pursuant to the Court's June 29, 2018 Order (Dkt. 35), the parties submit this Joint Status Report regarding their views on further proceedings following the Supreme Court's recent decision in *Maine Community Health Options v. United States*, No. 18-1023, 2020 WL 1978706 (U.S. April 27, 2020).

**Plaintiffs' Position**

Plaintiff Common Ground Healthcare Cooperative ("Common Ground" or "Plaintiff") respectfully requests that the Court lift the stay as to its and the Risk Corridors Class's claims in this case, and enter judgment for it and the Risk Corridors Class.

The Court stayed all activity in this case pending the Federal Circuit's opinion in the then-pending *Moda* and *Land of Lincoln* appeals. Dkt. 9. The purpose of the stay was to wait for appellate resolution of Moda's and Land of Lincoln's claims, given the substantial overlap between their legal theories and those Common Ground asserts in this case. Following the Federal Circuit's opinion in *Moda Health Plan, Inc. v. United States*, 892 F.3d 1311 (Fed. Cir.

1

2018), the parties jointly requested that the Court maintain the stay on the claims until the final resolution of the *Moda* and *Land of Lincoln* appeals. The Court granted that request, and ordered the parties to submit a joint status report regarding suggested further proceedings within 15 days of the final resolution of those judgments. Dkt. 35.

Recently, the Supreme Court handed down its decision in *Maine Community Health Options v. United States*, No. 18-1023, 2020 WL 1978706, at *3 (U.S. April 27, 2020), finding that the government owes qualified health plan issuers the full amount of their risk corridors amounts for the 2014-2016 benefit years. *See* Ex. A. This order finally resolves the *Moda* and *Land of Lincoln* cases, thus satisfying the requirement to lift the stay in this case. *See* Dkt. 35. Furthermore, given that (a) the Supreme Court's decision applies with equal force to Common Ground's and the Risk Corridors Class's claims (because they are based on identical liability theories as to the money-mandating statute portion of *Moda*'s and *Land of Lincoln*'s claims); and (b) the government has already calculated the amount it owes each class member for the 2016 benefit year[1], and Common Ground respectfully requests that the Court enter judgment for it and the Risk Corridors Class in the amount of $1,781,784,532.80.[2] *See* Ex. B (spreadsheet calculating the Risk Corridors Class's collective damages based on the government's calculation of risk corridors amounts it owes for the 2016 benefit year). Common Ground intends to move for entry of judgment on the 2016 risk corridors claims. The legal issues related to all aspects of

---

[1] Common Ground has a separate pending motion (Dkt. 83) to add six additional QHP issuers to the 2016 Risk Corridors Class: Prominence HealthFirst of Texas, Inc. (HIOS ID 37392); HealthSpan Inc. (HIOS ID 92036); HealthSpan Integrated Care (HIOS ID 20126); Presbyterian Insurance Company, Inc. (HIOS ID 52744); Geisinger Quality Options, Inc. (HIOS ID 75729); and Geisinger Health Plan (HIOS ID 22444). Common Ground requests that these six entities be added to the 2016 Risk Corridors Class and that these entities' 2016 risk corridors damages be added to the amounts set forth in Exhibit B.

[2] A few class members believe that the amounts provided by the government may be incorrect, and Class Counsel will work with the government to finalize the exact amount.

these risk corridors claims are resolved and the evidence of the Risk Corridors Class's damages is undisputed. The Supreme Court's decision in *Maine Community Health Options* is dispositive of the legal issues in this case. As for the factual issues, the calculated amounts are based upon the government's own calculations. As a consequence, the government should not need an additional 45 days (in addition to the three years it has been litigating this case and the two weeks since the Supreme Court decision) to further assess its strategic options. Judgment should be entered as soon as practicable.

Additional briefing in light of these facts is unnecessary and judgment should be entered in favor of Common Ground and the Risk Corridors Class as soon as reasonably practicable by the Court. The government's vague reference to other potential debts owed to HHS should not delay the entry of judgment in this case. Specifically, the government has never raised in the three years this case has been pending any defense related to other debts owed to the government and should not be allowed 45 days more to contemplated unraised defenses or to inject other unrelated factual issues into these proceedings. The government did not oppose certification of the Risk Corridors Class in this case. Further, the Court already entered judgment against the government on a portion of the claims in this Complaint on behalf of a certified class and in that context the government raised no issues related to other debts owed to the government. Moreover, in the companion case (*Health Republic*) seeking to recover the same risk corridors unpaid amounts as this case for 2014 and 2015 as opposed to 2016, the government answered and did not raise any defenses related to "other debts" and, further, did not oppose class certification. If the government believes it is owed other debts by any class member plaintiff in this case, the government has its own administrative collection and enforcement mechanisms that do not require this Court's involvement and should not delay the entry of judgment any further.

Plaintiffs further request a telephonic status conference with the Court to finalize the judgment and the mechanics and logistics of post-judgment procedures. If the government chooses to articulate a concrete legal or factual issue that requires this Court to make a determination prior to judgment, Plaintiffs can respond to any such particularized articulation at that time. Absent the identification of such a disputed issue, the Court should enter judgment without further delay.

**Defendant's Position**

On April 27, 2020, the Supreme Court issued its decision in *Maine Community Health Options v. United States*, No. 18-1023, 590 U.S. --- (2020). The Supreme Court held that the risk corridors statute, section 1342 of the Patient Protection and Affordable Care Act ("ACA"), "created an obligation neither contingent on nor limited by the availability of appropriations or other funds." Slip Op. at 16. The Court also determined that the obligation was not affected by subsequently enacted legislation and held that the "petitioners may seek to collect payment through a damages action in the Court of Federal Claims." *Id.* at 30. Along with three other similar risk corridors cases, the Court reversed the judgments of the Federal Circuit and remanded the cases to that court for further proceedings consistent with the opinion.

The United States continues to review the Supreme Court's opinion. That process of review requires that we confer with various components within the Department of Justice and the Department of Health and Human Services in order to discern a path forward. We ask the Court to permit the United States additional time to consider how the Supreme Court's ruling impacts all of the cases in this Court in which a plaintiff seeks damages under section 1342, so that we may propose an efficient and appropriate process to reach a conclusion in this, and every other case before the Court in which a plaintiff asserts risk corridors claims.

We also request additional time for review because risk corridors was a nationwide program involving every single health insurance issuer participating on an ACA Exchange during benefit years 2014, 2015, or 2016. Some of those issuers are represented in the more than 64 individual cases pending before this Court; others are represented in this Court through either of two class actions (of which this is one); and still other issuers have not commenced litigation. In some of the filed cases, like this one, a plaintiff makes both risk corridors claims and other ACA-related claims. The United States believes it would be most appropriate and fair to resolve all issuers' potential entitlement under section 1342 in a similar manner. In order to do so, the United States must consider and address a number of issues before these cases proceed.

To start, we note that since the time that most complaints were filed, the Department of Health and Human Services ("HHS") has made additional pro rata distribution of risk corridors collections to many of the plaintiffs before this Court. HHS is now determining the precise amount of risk corridors payments paid to and remaining for each health insurance issuer before this Court, as well as to any issuer with a potential risk corridors claim. Agency staff requires additional time to review the record of payments and charges and the history of distributions made to ensure they are complete and accurate. HHS must finish this review before the United States will be in a position to pursue a potential consensual resolution of an issuer's case, and that review is most efficiently done on a program-wide, rather than piecemeal (or ad hoc) basis.

To cite another consideration, some of the plaintiffs may have outstanding debts owed to HHS under other ACA programs. In order to determine which issuers have such debts pending, HHS must review its records across ACA programs and distill that information for consideration by government officials with authority to evaluate the issues. Those parties owing debts and the United States should then have an opportunity to confer to seek to resolve those issues, and, as

necessary, to prepare and propose a procedure to dispose of outstanding matters. Finally, because the United States has not yet, with one exception, answered any of the plaintiffs' complaints, the United States needs to consider whether it would be appropriate to raise defenses not previously considered and whether to answer and counterclaim.

For all of these reasons, the United States requests that the Court allow the government 45 days within which to consider its position in these cases and to propose, jointly with the plaintiffs to the extent possible, a course to govern proceedings moving forward. Within that time, the Court could allow plaintiffs the opportunity to refine or update their claim for risk corridors damages whether through formal amendment of its complaint or through less formal means. We also request that, in the interest of efficiency, the Court defer the government's obligation to respond to a complaint or an amended complaint upon consideration of the joint status report we propose be due at the end of the requested 45-day period.

DATED: May 12, 2020

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*s/ Stephen Swedlow*
Stephen Swedlow
stephenswedlow@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

J.D. Horton
jdhorton@quinnemanuel.com
Adam B. Wolfson
adamwolfson@quinnemanuel.com
865 S. Figueroa Street
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff Common Ground Healthcare Cooperative and the Class

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

/s/ Claudia Burke
CLAUDIA BURKE
Assistant Director

/s/ Christopher J. Carney
CHRISTOPHER J. CARNEY
Senior Litigation Counsel
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 305-7597
Facsimile: (202) 307-2503
Email: Chris.Carney@usdoj.gov

OF COUNSEL:

MARC S. SACKS
Assistant Director

ERIC E. LAUFGRABEN
Senior Trial Counsel

ALBERT S. IAROSSI
Trial Attorney
U.S. Department of Justice

Attorneys for Defendant United States of America

## **CERTIFICATE OF SERVICE**

I certify that on May 12, 2020, a copy of the attached Joint Status Report was served via the Court's CM/ECF system on all counsel of record.

                                                       *s/ Stephen Swedlow*
                                                      Stephen Swedlow