# In the United States Court of Federal Claims

No. 17-877C
(Filed: May 14, 2020)

```
*****************************************
COMMON GROUND HEALTHCARE      *
COOPERATIVE,                  *
                              *
              Plaintiff,      *
                              *
v.                            *
                              *
THE UNITED STATES,            *
                              *
              Defendant.      *
*****************************************
```

## **ORDER**

      Plaintiff filed the above-captioned case on June 27, 2017, seeking risk corridors payments for the 2016 benefit year.  On August 11, 2017, the court stayed proceedings on the merits of the case pending a decision by the United States Court of Appeals for the Federal Circuit ("Federal Circuit") in Moda Health Plan, Inc. v. United States and/or Land of Lincoln Mutual Health Insurance Co. v. United States.  Plaintiff filed an amended complaint on November 22, 2017, adding allegations and claims related to cost-sharing reduction payments.  On January 8, 2018, the court granted plaintiff's motion to certify a risk corridors class.[1]  Then, on June 29, 2018, the court lifted the stay with respect to the cost-sharing reduction claims,[2] continued the stay with respect to the risk corridors claims, and directed the parties to file a joint status report within fifteen days of final, nonappealable judgments in Moda and Land of Lincoln.

      In June 2019, the United States Supreme Court ("Supreme Court") agreed to hear appeals in three risk corridors cases—Moda, Land of Lincoln, and Maine Community Health Options v. United States—and consolidated the cases for briefing and argument.  The Supreme Court issued its decision on April 27, 2020, concluding that insurers, pursuant to § 1342 of the Affordable Care Act ("ACA"), have both the right to risk corridors payments and a damages remedy in this court for unpaid amounts.  See generally Me. Cmty. Health Options v. United States, 140 S. Ct. 1308 (2020).

---

[1] The class includes insurers with claims for the 2016 benefit year.  A separate class action for the 2014 and 2015 benefit years—Health Republic Insurance Co. v. United States, No. 16-259C—is also before the court.

[2] The court ultimately issued a decision and entered judgment on the cost-sharing reduction claims.  An appeal of that judgment is currently before the Federal Circuit.

In accordance with the court's June 29, 2018 order, the parties filed a joint status report on May 12, 2020. In short, plaintiff, on behalf of itself and the class, requests that the court lift the stay of proceedings, enter judgment for the class (upon plaintiff's filing of the appropriate motion), and schedule a telephonic status conference to "finalize the judgment and the mechanics and logistics of post-judgment procedures,"[3] while defendant requests an additional forty-five days to "consider its position" and "propose, jointly with the plaintiffs to the extent possible, a course to govern proceedings moving forward." Defendant represents that this additional time is necessary for several reasons: (1) to continue "to review the Supreme Court's decision"; (2) to ensure that it can resolve the claims of every insurer who participated on an Exchange during 2014, 2015, and 2016 "in a similar manner"; (3) to determine "the precise amount of risk corridors payments paid to and remaining for each" insurer by reviewing "the record of payments and charges and the history of distributions made"; and (4) to determine whether plaintiffs "have outstanding debts owed to [the United States Department of Health and Human Services] under other ACA programs," provide the opportunity to resolve debt-related issues, and, because it has not yet filed an answer, "consider whether it would be appropriate to raise defenses not previously considered and whether to counterclaim." Plaintiff rejects defendant's rationales, remarking that liability is undisputed, that the amount of damages it seeks is derived from the government's own calculations, that the status of other cases is irrelevant to this case, and that the government has never raised the possibility of asserting a defense in this case (in which defendant agreed to class certification and did not mention the existence of any debts in proceedings on the cost-sharing reduction claims).

The court has reviewed the parties' positions and their stated rationales, and finds that it is in the interest of justice to allow defendant an additional forty-five days to consider how it would like to proceed and to work with plaintiff to propose a plan for further proceedings. Defendant shall make every effort to use the forty-five days to confirm the full amount of risk corridor payments due to each class member. In addition, in light of the clear holding of the Supreme Court in Maine Community Health Options regarding the government's liability for unpaid risk corridors payments and the ease of determining the amount of risk corridors payments due to each class member, the parties shall be prepared for an expeditious resolution of this case once the forty-five days have passed.

The court **LIFTS** the stay of proceedings. The parties shall file a joint status report proposing a schedule for further proceedings **no later than Monday, June 29, 2020**.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Chief Judge

---

[3] Plaintiff also notes that it filed a motion to include six additional insurers as members of the class. Unlike in previous motions to add class members, plaintiff did not indicate defendant's position on the motion. Accordingly, the court defers ruling on the motion until defendant files a response.