# In the United States Court of Federal Claims

No. 17-877C
(Filed: May 29, 2020)

```
*****************************
COMMON GROUND HEALTHCARE      *
COOPERATIVE,                  *
                              *
              Plaintiff,      *
                              *
v.                            *
                              *
THE UNITED STATES,            *
                              *
              Defendant.      *
*****************************
```

## ORDER

Plaintiff filed the above-captioned case as a putative class action on June 27, 2017, seeking to recover, pursuant to section 1342 of the Patient Protection and Affordable Care Act ("ACA"), unpaid risk corridors payments for the 2016 benefit year. It then filed an amended complaint on November 22, 2017, adding a claim to recover, pursuant to section 1402 of the ACA, unpaid cost-sharing reduction payments for the 2017 and 2018 benefit years. The court certified a risk corridors class on January 8, 2018, and a cost-sharing reduction class on April 17, 2018. Plaintiff then filed a second amended complaint on March 22, 2019, adding allegations regarding unpaid cost-sharing reduction payments for the 2019 benefit year. Plaintiff now moves to certify a second cost-sharing reduction class to cover the 2019 benefit year pursuant to RCFC 23 of the Rules of the United States Court of Federal Claims ("RCFC"), as well as for the appointment of Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") as class counsel pursuant to RCFC 23(g).

In its motion for class certification, filed on May 8, 2020, plaintiff asserts that the proposed cost-sharing reduction class, except for the benefit year involved, is identical to the class certified by the court for the 2017 and 2018 benefit years, and that the same arguments advanced in support of the certification of the existing class apply to the proposed class. Defendant, in its May 21, 2020 response, states that it does not oppose the certification of a cost-sharing reduction class for the 2019 benefit year (in light of the court's certification of the existing class over its objection) or the appointment of Quinn Emanuel as class counsel, but requests that proceedings on the merits of plaintiff's claim for 2019 cost-sharing reduction payments be stayed until the United States Court of Appeals for the Federal Circuit ("Federal Circuit") has ruled in the cost-sharing reduction cases currently on appeal (four of those cases

were argued on January 9, 2020, followed by two rounds of supplemental briefing,[1] and two others, including the government's appeal in this case related to the payments for the 2017 and 2018 benefit years, are stayed pending decisions in the argued cases).[2]  In its reply, filed on May 28, 2020, plaintiff indicates that it does not object to defendant's request for a stay and requests that the parties be directed to file a joint status report within fifteen days of the Federal Circuit's ruling in the argued cost-sharing reduction appeals.  Based on the parties' representations, the court grants plaintiff's motions and defendant's request for a stay, as follows:

      1.  Pursuant to RCFC 23, a putative class representative must demonstrate:  (i) numerosity–that the proposed class is so large that joinder is impracticable; (ii) commonality–that there are common questions of law or fact that predominate over questions affecting individual prospective class members and that the government has treated the prospective class members similarly; (iii) typicality–that his or her claims are typical of the proposed class; (iv) adequacy–that he or she will fairly represent the proposed class; and (v) superiority–that a class action is the fairest and most efficient method of resolving the suit.  RCFC 23(a)-(b); Toscano v. United States, 98 Fed. Cl. 152, 155 (2011); Barnes v. United States, 68 Fed. Cl. 492, 494 (2005).  Based on its review of plaintiff's motion for class certification and supporting exhibits, and in light of defendant's representation that it does not oppose plaintiff's motion given the court's prior certification of a cost-sharing reduction class for the 2017 and 2018 benefit years, the court concludes that plaintiff has satisfied the requirements of RCFC 23 with respect to the proposed cost-sharing reduction class.  It therefore **GRANTS** plaintiff's motion and certifies the following class:

> All persons or entities offering Qualified Health Plans under the Patient Protection and Affordable Care Act in the 2019 benefit year, and who made cost-sharing reductions for eligible insureds pursuant to Section 1402 of the Patient Protection and Affordable Care Act, but did not receive a "timely and periodic" payment from the Government of an amount "equal to the value of the reductions" provided to its insureds.  Excluded from the Class is the Defendant and its members, agencies, divisions, departments, and employees.

      2.  The cost-sharing reduction class claim is for amounts allegedly owed to the class by the United States pursuant to section 1402 of the Affordable Care Act (42 U.S.C. § 18071) and 45 C.F.R. § 156.430 for the 2019 benefit year.

---

[1] These cases are Sanford Health Plan v. United States, No. 2019-1290; Montana Health Co-op v. United States, No. 2019-1302; Community Health Choice, Inc. v. United States, No. 2019-1633; and Maine Community Health Options v. United States, No. 2019-2102.  The first round of supplemental briefing concluded on April 10, 2020, and the second round of supplemental briefing concluded on May 19, 2020.

[2] Defendant also expresses concern that the court may lack jurisdiction to consider the merits of plaintiff's claim for cost-sharing reduction payments for the 2019 benefit year because it is part of the same claim for relief currently on appeal to the Federal Circuit.  The court need not address this issue—or plaintiff's disagreement with defendant's position—due to its decision to grant defendant's request to stay further merits proceedings.

   3.  The parties may later move for decertification or move for the class to be divided into subclasses if, as this case develops, the circumstances warrant such a motion.

   4.  Defendant, in agreeing to certification of the class as defined above, has not waived the right to (1) contest whether a particular person or entity falls within the class or is otherwise entitled to relief or (2) appeal the class certification rulings.  Further, defendant has not waived the right to dispute any material fact or to contest any theory of liability, including but not limited to those advanced by plaintiff under sections 1402 and 1412 of the Patient Protection and Affordable Care Act and 45 C.F.R. § 156.430.

   5.  Plaintiff is designated as the class representative.

   6.  Pursuant to RCFC 23(g)(1), in appointing class counsel, a court

(A) must consider:
  (i)  the work counsel has done in identifying or investigating potential claims in the action;
  (ii)  counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
  (iii)  counsel's knowledge of the applicable law; and
  (iv)  the resources that counsel will commit to representing the class; [and]
(B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class[.]

Based on its review of plaintiff's motion for the appointment of class counsel and supporting exhibits, and in light of defendant's representation that it does not oppose the appointment of Quinn Emanuel as class counsel, the court finds that the requirements of RCFC 23(g)(1)(A)-(B) are fully satisfied.  It therefore **GRANTS** plaintiff's motion for the appointment of class counsel and appoints Quinn Emanuel as counsel for the cost-sharing reduction class.[3]

   7.  Defendant, by **no later than Friday, June 26, 2020**, shall provide to plaintiff a list of potential class members, which shall include all entities that offered qualified health plans under the Affordable Care Act in the 2019 benefit year, and who made cost sharing reductions for eligible insureds pursuant to section 1402 of the Affordable Care Act, but did not receive a "timely and periodic" payment from the government of an amount "equal to the value of the reductions" provided to its insureds.  The list shall include the name of the individual or entity that is a potential class member, the current or last known electronic-mail address of the individual or entity (providing the name and electronic-mail address of the person responsible for cost-sharing reduction receivables, if known), and the current or last known mailing address of the individual or entity.

---

  [3] Notwithstanding the appointment of Quinn Emanuel as class counsel, all filings made on behalf of the class shall continue to be signed by the attorney of record for the class representative.  See RCFC 83.1(c)(1)-(2) ("A party may have only one attorney of record in a case at any one time . . . . All filings must be signed in the attorney of record's name.").

-4-

8.  If, after June 26, 2020, plaintiff discovers the identity of additional potential class members to whom plaintiff believes that notice should be provided, plaintiff shall promptly inform defendant.  Defendant shall have an opportunity to object to any additional potential class members within seven calendar days from the date that plaintiff identifies the newly discovered potential class members by forwarding its objections to plaintiff via electronic mail.  If the parties are unable to resolve any of defendant's objections to the newly discovered potential class members, they shall file a joint motion setting out in separate sections their respective positions for resolution by the court.

9.  Class counsel shall submit to the court a proposed notice plan and opt-in schedule that complies with the requirements of RCFC 23(c)(2)(B) by **no later than Wednesday, July 8, 2020**.

10.  The court **STAYS** further proceedings on the merits of plaintiff's claim for unpaid cost-sharing reduction payments for the 2019 benefit year pending a decision by the Federal Circuit in the argued cost-sharing reduction appeals.  The parties shall file a joint status report **within fifteen days of the Federal Circuit's ruling** in those appeals suggesting a schedule for further proceedings.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Chief Judge