# In the United States Court of Federal Claims

No. 17-877C
(Filed: July 23, 2020)

```
*****************************************
COMMON GROUND HEALTHCARE       *
COOPERATIVE,                   *
                               *
                               *
              Plaintiff,       *
                               *
v.                             *
                               *
THE UNITED STATES,             *
                               *
              Defendant.       *
*****************************************
```

## ORDER

On July 17, 2020, the parties in the above-captioned case filed (1) a joint motion to divide the class into subclasses and stipulation for the entry of a partial judgment and (2) a joint status report regarding further proceedings. As set forth below, the court grants the parties' motion, adopts a schedule for further proceedings, and directs the entry of judgment pursuant to Rule 54(b) of the Rules of the United States Court of Federal Claims ("RCFC").

### The Joint Motion to Divide the Class Into Subclasses

On January 8, 2018, the court certified the following class:

> All persons or entities offering Qualified Health Plans under the Patient Protection and Affordable Care Act in the 2016 benefit year, and whose allowable costs in the 2016 benefit year, as calculated by the Centers for Medicare and Medicaid Services, were more than 103 percent of their target amounts (as those terms are defined in the Patient Protection and Affordable Care Act). Excluded from the Class are the Defendant and its members, agencies, divisions, departments, and employees.

In light of the decision of the United States Supreme Court in Maine Community Health Options v. United States, 140 S. Ct. 1308 (2020), the parties agree that the class members are entitled "to receive payment of damages from the United States under ACA section 1342 for risk corridors benefit year 2016." Mot. 3. They further "agree on the amount due to the Class with respect to all but one Class member" that "opposes the government's effort to offset its risk corridor payments against other amounts the government believes are owed under the Affordable Care Act." Id. They therefore request that the class be divided into two subclasses pursuant to RCFC 23(c)(5) to facilitate the resolution of the class members' claims.

The first proposed subclass is "the 'Non-Dispute Subclass,'" which consists of Class members who have no disputes with the government," id., contains all but one of the members of the existing class, and is defined as follows:

> All approved class members offering Qualified Health Plans under the Patient Protection and Affordable Care Act in the 2016 benefit year, whose allowable costs in the 2016 benefit year, as calculated by the Centers for Medicare & Medicaid Services, were more than 103 percent of their target amounts (as those terms are defined in the Patient Protection and Affordable Care Act), except those entities with ongoing disputes with the government concerning the amount due to the entity under Section 1342 of the Affordable Care Act, entities that dispute the government's right to offset debts against a judgment pursuant to Section 1342, or entities that disputes [sic] the extent of any such offset.

Id. at 3-4. Plaintiff Common Ground Healthcare Cooperative "has agreed to serve as the class representative for the Non-Dispute Subclass." Id. at 4.

The second proposed subclass is "the 'Dispute Subclass,' which consists of Freelancers [CO-OP of New Jersey, Inc.], who has a legal dispute with the government," id. at 3, and is defined as follows:

> All approved class members offering Qualified Health Plans under the Patient Protection and Affordable Care Act in the 2016 benefit year, whose allowable costs in 2016 benefit year, as calculated by the Centers for Medicare & Medicaid Services, were more than 103 percent of their target amounts (as those terms are defined in the Patient Protection and Affordable Care Act), and that dispute the amount due to the entity under Section 1342 of the Affordable Care Act, and/or dispute the government's right to offset debts against a judgment pursuant to Section 1342, and/or dispute the extent of any such offset.

Id. at 4. Class member Freelancers CO-OP of New Jersey, Inc. has "agreed to serve as the class representative for the Dispute Subclass." Id.

"When appropriate, a class may be divided into subclasses that are each treated as a class." RCFC 23(c)(5). "Subclasses may be certified . . . to isolate common issues of law or fact shared by distinct groups of plaintiffs." Haggart v. United States, 104 Fed. Cl. 484, 488 (2012). When entertaining a motion to certify subclasses, even when such a motion is made jointly by the parties, the court must determine whether each subclass satisfies the prerequisites of RCFC 23(a) and (b). Id. Specifically, a proposed subclass representative must demonstrate (i) numerosity—that the proposed subclass is so large that joinder is impracticable; (ii) commonality—that there are common questions of law or fact that predominate over questions affecting individual prospective subclass members and that the government has treated the prospective class members similarly; (iii) typicality—that its claims are typical of the proposed subclass; (iv) adequacy—that it will fairly represent the proposed subclass; and (v) superiority— that a class action is the fairest and most efficient method of resolving the suit. RCFC 23(a)-(b).

With respect to the proposed Non-Dispute Subclass, the court makes two minor amendments to correct a typographical error and to more accurately describe the entities excluded from the class, as follows (amendments are underlined for the parties' convenience):

> All approved class members offering Qualified Health Plans under the Patient Protection and Affordable Care Act in the 2016 benefit year, whose allowable costs in the 2016 benefit year, as calculated by the Centers for Medicare & Medicaid Services, were more than 103 percent of their target amounts (as those terms are defined in the Patient Protection and Affordable Care Act), except those entities with ongoing disputes with the government concerning the amount due to the entity under Section 1342 of the Affordable Care Act, entities that dispute the government's right to offset debts against a judgment pursuant to Section 1342, <u>and</u> entities that <u>dispute</u> the extent of any such offset.

As amended, the court finds that the proposed Non-Dispute Subclass satisfies the requirements described in RCFC 23(a)-(b). In addition, although the proposed Dispute Subclass includes only one member, the nature of these proceedings and the rationale for the creation of the subclasses supports a finding that the Dispute Subclass satisfies the requirements described in RCFC 23(a)-(b).[1] Accordingly, the court **GRANTS** the parties' motion and certifies (1) the Non-Dispute Subclass, as defined by the court; and (2) the Dispute Subclass, as defined by the parties. In addition, the court appoints Quinn Emanuel Urquhart & Sullivan, LLP, who the court appointed as counsel for the original class, as counsel for each subclass.[2]

### **Further Proceedings in the Dispute Subclass**

With respect to the Dispute Subclass, the parties state that defendant intends to file an answer and assert counterclaims, and that the subclass representative, Freelancers CO-OP of New Jersey, Inc., intends to file a motion to strike the counterclaims, but that the parties disagree as to the timing of these filings. Specifically plaintiff disagrees with defendant that an answer in this case should be filed at the same time as an amended answer, if any, in <u>Health Republic Insurance Company v. United States</u>, No. 16-259C. Upon consideration of the parties' positions, the court finds that there is no reason for delaying defendant's filing of an answer in this case. Indeed, although there may be a difference in the standards applied to a motion for leave to amend an answer to assert a counterclaim and a motion to strike a counterclaim, the court would

---

[1] Indeed, the court is entitled to consider issues of judicial economy when certifying a class, <u>see, e.g.</u>, <u>Haggart</u>, 104 Fed. Cl. at 489, and by jointly proposing the creation of the subclasses, the parties are implicitly representing that the creation of this small subclass provides the most efficient method of resolving the claims of the proposed subclass's members.

[2] Although the parties did not address the appointment of counsel for the subclasses in their motion, the court is required to appoint counsel for the subclasses pursuant to RCFC 23(c)(1) and RCFC 23(c)(5). <u>See, e.g.</u>, <u>Haggart</u>, 104 Fed. Cl. at 491.

benefit from having both sets of briefs before it when entertaining the motions. It therefore adopts plaintiff's proposal, as follows.[3]

- Defendant shall file its answer **no later than Thursday, August 13, 2020**.

- The subclass representative shall file its motion to strike defendant's counterclaims **no later than Monday, August 24, 2020**.

- Defendant shall file its response in opposition to the motion to strike **no later than Thursday, September 3, 2020**.

- The subclass representative shall file its reply in support of its motion **no later than Thursday, September 10, 2020**.

### Entry of Judgment and Further Proceedings in the Non-Dispute Subclass

With respect to the Non-Dispute Subclass, the parties jointly stipulate that "the Non-Dispute Subclass is entitled to payment from the United States under the risk corridors program for the 2016 benefit year in the amount of $1,793,311,386.47, and that the amount due to each is accurately set forth in the exhibit attached to their joint stipulation. The parties request that the court enter judgment in accordance with these stipulations. The court **GRANTS** that request.

Pursuant to RCFC 54(b), there being no just reason for delay, the clerk shall enter judgment in favor of the Non-Dispute Subclass in the amount of $1,793,311,386.47. The amount due to each member of the Non-Dispute Subclass is set forth in Exhibit A. The judgment shall be payable to JND Legal Administration, the claims administrator retained by class counsel, for distribution to the members of the Non-Dispute Subclass.[4]

---

[3] Notwithstanding the addition of a second class representative, the parties may, for simplicity, retain the existing case caption in their filings related to the claims of the Dispute Subclass.

[4] Plaintiff "requests that the Court direct the government to present this judgment to the Department of Treasury for payment to the Court-appointed claims administrator JND Legal Administration." First, the court has not appointed JND Legal Administration as the claims administrator. Rather, it appointed Common Ground Healthcare Cooperative as class representative and Quinn Emanuel Urquhart & Sullivan, LLP as class counsel, see ECF No. 17; RCFC 23(c)(1), who retained JND Legal Administration to serve as claims administrator. Second, defendant is not responsible for presenting the judgment to the Department of Treasury. Rather, after the entry of judgment, the clerk of court will provide plaintiff's counsel with a certified transcript of judgment and instructions for obtaining payment of the judgment from the Department of Treasury.

In addition, plaintiff requests that the court set a schedule for determining attorney's fees and nontaxable costs payable from the Non-Dispute Subclass's net judgment proceeds pursuant to RCFC 23(h).  The court **GRANTS** plaintiff's request and adopts the following schedule:

- Subclass counsel shall file a motion for an award for attorney's fees and nontaxable costs **no later than Thursday, July 30, 2020**.  Pursuant to RCFC 23(h)(1), "[n]otice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner." **The notice shall be provided to subclass members promptly after the motion is filed, and shall include instructions for the submission of written objections or responses to the motion to subclass counsel.**

- Members of the Non-Dispute Subclass may object or respond to the motion.  Such objections/responses **must be made in writing and submitted to subclass counsel in the manner described in the notice no later than Thursday, August 20, 2020**.

- **No later than Thursday, September 3, 2020**, subclass counsel shall file either (1) a reply that addresses all subclass member objections/responses, with every objection or response received by counsel attached to the reply as an exhibit; or (2) a status report indicating that no objections or responses were received.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney  
MARGARET M. SWEENEY  
Chief Judge

# Exhibit A

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| COMMON GROUND HEALTHCARE COOPERATIVE,<br><br>      Plaintiff,<br>      on behalf of itself and all others similarly situated,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>      Defendant. | Case No. 17-877C<br><br>Judge Sweeney |

**EXHIBIT A TO JOINT MOTION TO DIVIDE CLASS INTO SUBCLASSES AND STIPULATION FOR ENTRY OF PARTIAL JUDGMENT AS TO THE NON-DISPUTE SUBCLASS**

| HIOS ID | Issuer Name | 2016 RC Payments Balance |
|---|---|---|
| 36373 | All Savers Insurance Company | $6,211,732.83 |
| 39924 | All Savers Insurance Company | $1,126,391.67 |
| 85947 | All Savers Insurance Company | $37,629,395.75 |
| 98971 | All Savers Insurance Company | $2,787,630.49 |
| 78726 | All Savers Insurance Company | $446,164.50 |
| 63509 | Allegian Insurance Company | $6,758,866.06 |
| 67577 | Alliance Health and Life Insurance Company | $846,068.00 |
| 32536 | ATRIO Health Plans | $3,823,044.78 |
| 60536 | Avera Health Plans, Inc. | $14,067,742.19 |
| 74980 | Avera Health Plans, Inc. | $363,498.27 |
| 15287 | Blue Cross & Blue Shield of Rhode Island | $6,723,928.86 |
| 18558 | Blue Cross and Blue Shield of Kansas, Inc. | $17,976,022.65 |
| 27811 | BlueCross BlueShield Kansas Solutions, Inc. | $28,596,175.72 |
| 40586 | Bluegrass Family Health, Inc. | $12,763,363.04 |
| 45127 | Capital Advantage Assurance Company | $12,584,816.88 |
| 10207 | CareFirst BlueChoice, Inc. | $8,737,341.69 |
| 28137 | CareFirst BlueChoice, Inc. | $41,057,486.62 |
| 86052 | CareFirst BlueChoice, Inc. | $139,120.92 |
| 45532 | CareFirst of Maryland, Inc. | $11,602,784.86 |
| 77552 | CareSource | $32,086,445.80 |
| 54192 | CareSource Indiana, Inc. | $10,568,031.40 |

| | | |
|---|---|---:|
| 45636 | CareSource Kentucky Co. | $3,087,507.35 |
| 50328 | CareSource West Virginia Co. | $1,239,716.45 |
| 94788 | CDPHP | $1,128,625.43 |
| 92551 | CDPHP Universal Benefits Inc. | $10,440,924.71 |
| 27833 | Celtic Insurance Company | $1,846,059.24 |
| 47579 | Chinese Community Health Plan | $1,287,266.96 |
| 66252 | CHRISTUS Health Plan | $9,529,090.47 |
| 72034 | CHRISTUS Health Plan | $2,352,154.70 |
| 63312 | Colorado Choice Health Plans | $4,956,311.74 |
| 87416 | Common Ground Healthcare Cooperative | $27,657,256.98 |
| 18581 | Community Health Plan of Washington | $492,042.87 |
| 98905 | CommunityCare HMO Inc. | $677,742.83 |
| 38345 | Dean Health Plan | $5,406,793.42 |
| 78124 | Excellus Health Plan, Inc. | $23,595,031.50 |
| 88806 | Fallon Community Health Plan, Inc. | $1,935,393.50 |
| 22444 | Geisinger Health Plan | $13,244,631.61 |
| 75729 | Geisinger Quality Options, Inc. | $5,955,066.10 |
| 78079 | GHMSI | $434,190.13 |
| 94084 | GHMSI | $9,019,881.61 |
| 80473 | Group Health Cooperative | $21,043,260.92 |
| 34102 | Group Health Plan, Inc. | $14,052,643.55 |
| 40308 | Group Hospitalization and Medical Services Inc. | $4,073,508.25 |
| 27651 | Gundersen Health Plan, Inc. | $81,427.05 |
| 91058 | Gundersen Health Plan, Inc. | $3,649,847.44 |
| 78463 | Harken Health Insurance Company | $28,285,818.16 |
| 95852 | Harken Health Insurance Company | $12,210,414.34 |
| 70239 | Health Choice Insurance Co. | $12,591,097.47 |
| 27357 | Health First Health Plans, Inc. | $1,432,717.01 |
| 77150 | Health First Insurance, Inc. | $205,230.49 |
| 95865 | Health Plan of Nevada, Inc. | $3,326,339.65 |
| 47342 | Health Tradition Health Plan | $2,691,924.97 |
| 92036 | HealthSpan, Inc. | $1,546,837.99 |
| 20126 | HealthSpan Integrated Care | $4,471,693.71 |
| 19636 | HMO Louisiana, Inc. | $5,177,649.58 |
| 91661 | Horizon Healthcare Services, Inc. | $16,478,389.42 |
| 33380 | Indiana University Health Plans, Inc. | $403,177.29 |
| 21032 | Kaiser Foundation Health Plan of Colo. | $76,429,472.92 |
| 89942 | Kaiser Foundation Health Plan of Georgia | $30,010,904.53 |
| 90296 | Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc. | $31,142,310.40 |
| 94506 | Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc. | $2,007,972.38 |

| | | |
|---|---|---:|
| 95185 | Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc. | $36,966,452.97 |
| 40513 | Kaiser Foundation Health Plan, Inc. | $155,537,695.89 |
| 60612 | Kaiser Foundation Health Plan, Inc. | $16,173,112.98 |
| 23371 | Kaiser Foundation Healthplan of the NW | $6,553,058.03 |
| 71287 | Kaiser Foundation Healthplan of the NW | $15,251,167.48 |
| 53789 | Keystone Health Plan Central | $14,500,584.78 |
| 97176 | Louisiana Health Service & Indemnity Company | $23,579,282.01 |
| 11177 | MetroPlus Health Plan | $15,037,085.52 |
| 81413 | Network Health Plan | $2,307,460.56 |
| 82483 | North Shore-LIJ Insurance Company Inc | $113,132,550.69 |
| 20507 | Optima Health Plan | $8,636,390.10 |
| 10544 | Oscar Health Plan of California | $4,167,289.22 |
| 20069 | Oscar Insurance Company of Texas | $35,085,745.70 |
| 74289 | Oscar Insurance Corporation | $107,138,699.40 |
| 50221 | Oscar Insurance Corporation of New Jersey | $3,064,840.14 |
| 48834 | Oxford Health Plans (NJ), Inc. | $4,561,830.04 |
| 10091 | PacificSource Health Plans | $7,045,120.75 |
| 23603 | PacificSource Health Plans | $9,853,702.22 |
| 60597 | PacificSource Health Plans | $1,205,143.84 |
| 65441 | PHPS, Inc. (fka Phoenix Health Plans, Inc.) | $14,356,552.64 |
| 50816 | Physicians Health Plan of Northern Indiana, Inc. | $4,482,634.94 |
| 58564 | Physicians Plus Insurance Corporation | $464,542.33 |
| 26734 | Premier Health Plan, Inc. | $5,682,287.55 |
| 57173 | Presbyterian Health Plan, Inc. | $2,801,184.47 |
| 52744 | Presbyterian Insurance Company, Inc. | $8,019,908.13 |
| 29698 | Priority Health | $26,339,617.56 |
| 29241 | Priority Health Insurance Company (PHIC) | $7,075,598.39 |
| 37392 | Prominence HealthFirst of Texas, Inc. | $1,572,951.33 |
| 56707 | Providence Health Plan | $66,966,568.57 |
| 70525 | QCA Health Plan, Inc. | $5,894,850.51 |
| 37903 | QualChoice Life & Health Insurance Company, Inc. | $6,742,797.09 |
| 80208 | Rocky Mountain Health Care Options | $4,463,039.51 |
| 97879 | Rocky Mountain HMO | $14,623,375.96 |
| 38166 | Security Health Plan of Wisconsin, Inc. | $27,043,286.85 |
| 26002 | SelectHealth | $57,700,877.85 |
| 68781 | SelectHealth | $143,988,818.30 |
| 26539 | SHA, LLC DBA FirstCare Health Plans | $7,708,618.14 |
| 92499 | Sharp Health Plan | $1,282,855.34 |
| 52664 | Summa Insurance Company, Inc. | $2,037,988.17 |
| 85736 | UCare Minnesota | $10,114,026.06 |
| 37873 | UnitedHealthcare Benefits Plan of California | $510,269.44 |

| | | |
|---|---|---:|
| 49650 | UnitedHealthcare Insurance Company | $793,529.41 |
| 31779 | UnitedHealthcare Insurance Company | $492,333.25 |
| 23489 | UnitedHealthcare Insurance Company | $2,903.41 |
| 57860 | UnitedHealthcare Insurance Company | $486,864.50 |
| 69443 | UnitedHealthcare Insurance Company | $2,134,105.98 |
| 68259 | UnitedHealthcare of Alabama, Inc. | $4,226,662.97 |
| 59036 | UnitedHealthcare of Colorado, Inc. | $719,427.07 |
| 68398 | UnitedHealthcare of Florida, Inc. | $9,330,450.46 |
| 43802 | UnitedHealthcare of Georgia, Inc. | $4,356,433.40 |
| 38499 | UnitedHealthcare of Louisiana, Inc. | $200,537.78 |
| 97560 | UnitedHealthcare of Mississippi, Inc. | $3,906,592.67 |
| 54235 | UnitedHealthcare of New York, Inc. | $4,509,245.86 |
| 33931 | UnitedHealthcare of Ohio, Inc. | $3,833,592.57 |
| 45480 | UnitedHealthcare of Oklahoma, Inc. | $3,012,668.48 |
| 24872 | UnitedHealthcare of Pennsylvania, Inc. | $2,254,922.55 |
| 21066 | UnitedHealthcare of the Mid-Atlantic Inc | $53,160.65 |
| 38599 | UnitedHealthcare of the Mid-Atlantic Inc | $1,646,134.28 |
| 44751 | UnitedHealthcare of the Midlands, Inc. | $6,406,781.24 |
| 51902 | UnitedHealthcare of the Midlands, Inc. | $1,351,512.14 |
| 16724 | UnitedHealthcare of the Midwest, Inc. | $157,038.37 |
| 66413 | UnitedHealthcare of Utah, Inc. | $53,669.11 |
| 43861 | UnitedHealthcare of Washington, Inc. | $1,374,207.83 |
| 62560 | UPMC Health Coverage, Inc. | $281,136.83 |
| 16322 | UPMC Health Options, Inc. | $60,714,960.72 |
| 75293 | USAble Mutual Insurance Company | $19,022,135.87 |
| 67243 | Vantage Health Plan, Inc. | $8,130,698.29 |
| 93689 | Western Health Advantage | $1,695,441.23 |
| **TOTAL** | | **$1,793,311,386.47** |