**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| HEALTH REPUBLIC INSURANCE COMPANY, | |
| Plaintiff, on behalf of itself and all others similarly situated, | No. 1:16-cv-259C-KCD (Judge Davis) |
| vs. | |
| THE UNITED STATES OF AMERICA, | |
| Defendant. | |
| | |
| COMMON GROUND HEALTHCARE COOPERATIVE, | |
| Plaintiff, on behalf of itself and all others similarly situated, | No. 1:17-cv-00877-KCD (Judge Davis) |
| vs. | |
| THE UNITED STATES OF AMERICA, | |
| Defendant. | |

**JOINT STATUS REPORT**

Pursuant to this Court's March 22, 2023 Orders (Health Republic Dkt. 187; Common Ground Dkt. 178), Class Counsel submits this status report of its discussions with counsel for the United and Kaiser Objectors ("United/Kaiser Objector Counsel"). The below sets forth their respective positions on the briefing schedule for Class Counsel's renewed fee application and Objector Counsel's proposal to seek discovery from Class Counsel and for an accounting.

**Class Counsel's Proposed Schedule**

Class Counsel proposes the following schedule, which it believes will resolve the final aspects of this case expeditiously and without undue delay. The schedule contemplates only a renewed fee application from Class Counsel because that is the issue on remand from the Federal Circuit and the issues on which United/Kaiser Objector Counsel seeks to move do not address what constitutes a reasonable fee for the 100% of damages Class Counsel secured for the class. United/Kaiser Objector Counsel insisted on including argument in their portion of this status report, so Class Counsel responds briefly to each its points.

First, the United/Kaiser Objectors cite *In re Washington Public Power Supply Systems Securities Litigation*, 19 F.3d 1291, 1302 (9th Cir. 1994), as justification for their insistence on an accounting from Class Counsel about the fees this Court originally awarded. However, there, the Ninth Circuit stated discovery on remand was appropriate to address the riskiness of the case, but only because the District Court abused its discretion by ***not*** awarding a risk multiplier in the first place and because class counsel's affidavits on the case's riskiness were unrebutted. That case says nothing about an accounting, let alone a post-appeal accounting following a judgment no party ever sought to stay or modify. Class Counsel asked United/Kaiser Objector Counsel for such precedent during the meet and confers; they provided none, and still provide none.

Next, the United/Kaiser Objectors' "Second" argument seeks to justify discovery into Class Counsel, based on suppositions, case law that discovery into the details of class counsel's underlying work is permissible if the objection is about that work, and Rule 54(b)(2)(B)(iv), but that misapprehends the applicable precedent. In *Mercury Interactive Corp. Sec. Litig. v. Mercury Interactive Corp.*, 618 F.3d 988, 989 (9th Cir. 2010), cited below, the Ninth Circuit held only that the District Court erred by requiring any objections to class counsel's fee request before counsel filed its fee petition. By depriving class members of the right to examine that petition and its support, the lower court erred. *Id.* That is not the situation here; Class Counsel has already told them and the Court it intends to provide additional support for its fee request, including information

to perform a more in-depth lodestar cross-check, and Class Counsel proposes a schedule under

which United and Kaiser can make any objections on that full record.

United/Kaiser Objector Counsel also cite a single line from the Advisory Committee Notes

to Rule 23, but Class Counsel provides the full quote for the Court's benefit, because United/Kaiser

Objector Counsel quote only the first sentence:

> The court may allow an objector discovery relevant to the objections. In determining whether to allow discovery, the court should weigh the need for the information against the cost and delay that would attend discovery. See Rule 26(b)(2). One factor in determining whether to authorize discovery is the completeness of the material submitted in support of the fee motion, which depends in part on the fee measurement standard applicable to the case. If the motion provides thorough information, the burden should be on the objector to justify discovery to obtain further information.

Fed. R. Civ. P. 23, 2003 Advisory Committee Notes.  United/Kaiser Objector Counsel do not—

and have never—articulated why any alleged post-judgment protection Class Counsel may have

obtained has any bearing on what is a reasonable fee for their work, and as the Notes United/Kaiser

Objector Counsel themselves cite, it is—and remains—their burden to do so.

Rule 54(d)(2)(B)(iv), United/Kaiser Objector Counsel's final cited authority, applies only

to private agreements concerning fees between parties to the suit and their counsel.  5 Newberg

and Rubenstein on Class Actions § 15:12 (6th ed.).  These can include:

- a retainer agreement between the class representatives and class counsel;

- a retainer agreement between individual class members and their counsel, including objectors and objectors' counsel;

- an agreement between class counsel and the defendant, whereby the defendant agrees to pay, or not to contest, a certain fee request by class counsel;

- agreements among class counsel about the allocation of fees; and

- agreements between class counsel and non-class counsel about the allocation of fees, such as payment to counsel who helped fund the case but may not have played a material role in litigating it.

*Id.*  Class Counsel already disclosed the details of its retainer agreements with Health Republic

and Common Ground, and it can unequivocally represent it has no other agreements, fee-related or otherwise, regarding this case with individual class members, objectors or objectors' counsel, the defendant, any other class counsel (because none exist), or non-class counsel.  Again, during the meet and confer process, Class Counsel asked United/Kaiser Objectors' Counsel for precedent supporting their request, and received none.

United/Kaiser Objector Counsel's "Third" argument once again relies on aspersions rather than any on-point precedent.  Throwing around the idea of ethical violations having nothing to do with Class Counsel's representation of the Class against the government may be incendiary, but it is not a basis to delay resolution of the renewed fee application, and United/Kaiser does not (despite repeated requests) cite any precedent suggesting even its version of the facts has any effect on the upcoming renewed fee application.

It is for these reasons Class Counsel submits that the Court should order a schedule on the renewed fee application only.  Given the age of this case, Class Counsel respectfully submits there is no reason to drag this process out unnecessarily, and Class Counsel still does not understand the antagonism the United/Kaiser Objectors are bringing to a process involving fees for claims that Class Counsel originated, pursued to a 100% result for United and Kaiser, and has continued to pursue doggedly for all remaining class members through the present.  If, however, the Court permits the United/Kaiser Objectors to make any motions, then Class Counsel proposes that the parties file briefs on their respective motions simultaneously on the below dates, in order to prevent undue delay in resolving this seven-year-old case.  United/Kaiser Objector Counsel argues below this is an attempt to "moot" their motions, but it is simply a recognition that, if the Court permits and then grants either of their motions, it can consider anything from them at that time; otherwise, the motions will simply draw out what is otherwise a very straightforward process—one the Federal Circuit has already indicated should result in fees to Class Counsel.

With the above in mind, Class Counsel proposes the following schedule for its renewed fee application:

**Opening Brief:** May 2, 2023

**Opposition:** May 30, 2023

**Reply Brief:** June 13, 2023


## Objector Counsel's Position

At the March 21, 2023 Status Conference, the Court ordered the parties to meet and confer and propose a briefing schedule regarding the following issues: (1) the supplemental briefing required pursuant to the Federal Circuit's January 31, 2023 opinion regarding Quinn Emanuel's motion for fees; (2) Objectors' request for an accounting regarding the $185 million that was distributed to Quinn Emanuel in 2021; and (3) Objectors' request for limited discovery regarding judgment preservation insurance Quinn Emanuel procured in connection with Objectors' appeal of this Court's fee award.

The parties have met and conferred but were unable to reach an agreement. In its section above, Quinn Emanuel asks that the Court order simultaneous briefing on both the Objectors' motion for discovery and accounting and Quinn Emanuel's motion for fees. As described below, this approach would be inappropriate because it would deprive Objectors of having access to the information they seek before they file their opposition to Quinn Emanuel's fees. In effect, by insisting on simultaneous briefing, Quinn Emanuel seeks to moot the Objectors' motion for discovery. Objectors request that the Court set consecutive briefing on both motions, with the motion for fees to follow the Objectors' motion for an accounting and for discovery.

Objectors do not believe that this joint statement is the place to argue the merits of their motions. At the March 21, 2023 Status Conference the Court noted that it wanted briefing on Objectors request for information and an accounting and ordered the parties to propose a briefing schedule. Because Quinn Emanuel has included arguments in its sections above, Objectors provide brief responses to those arguments below.

*First,* the Objectors should be able to file a motion to request an accounting regarding the

$185 million that Quinn Emanuel received.  Class members have a right to an accounting under the professional rules of conduct.  *See, e.g.,* Model Rules of Prof'l Conduct R. 1.15(d) (2023) (requiring counsel to, upon request, "promptly render a full accounting" of "funds . . . in which a client or third person has an interest").  This information is not only important to the class, it is necessary for the Court to perform its role as a fiduciary for the class. *See In re Washington Public Power Supply Systems Securities Litigation*, 19 F.3d 1291, 1302 (9th Cir. 1994).

*Second*, Objectors also have a right to ask for limited discovery regarding the judgment preservation insurance that Quinn Emanuel procured so that it could distribute the $185 million to its partners while the appeal was pending.  The notion that this Court has the power to order discovery in connection with Quinn Emanuel's fee motion is well-settled and beyond dispute. *Mercury Interactive Corp. Sec. Litig. v. Mercury Interactive Corp.*, 618 F.3d 988, 989 (9th Cir. 2010) ("In appropriate cases, the court will permit an objector discovery relevant to the objections.") (internal quotation marks omitted); Fed. R. Civ. P. 23, 2003 Advisory Committee Notes  ("The court may allow an objector discovery relevant to the objections.")  Here, after this Court granted the fee motion and Objectors appealed, Quinn Emanuel requested and received $185 million from the claims administrator and distributed it to its partnership.  In order to do distribute the funds to its partnership, Quinn Emanuel procured judgment preservation insurance such that if, upon remand and pursuant to the Federal Circuit's opinion, this Court awards Quinn Emanuel less than 5%, Quinn Emanuel's insurers will have to pay the class back.  Objectors have asked Quinn Emanuel to produce information about its judgment preservation insurance but Quinn Emanuel has refused to do so.  As Objectors will demonstrate in their motion, this information is relevant to, among other things, the fee application.  By way of example only, Rule 54(d)(2)(b)(iv) contemplates disclosure of "the terms of any agreement about fees for the services for which the claim is made" "if the court so orders."   Quinn Emanuel contends this Rule does not apply to its insurance policy but that is an issue that the parties will have to brief for the Court in connection with the Objectors' motion.  Quinn Emanuel argues about whether discovery is appropriate but

the time and place to have a full argument on that issue is when Objectors file their motion.

*Third*, to the extent the accounting, the insurance itself (or the manner in which it was procured) demonstrate additional ethical violations, the Class has a right—and the Court a duty—to know. *See*, *e.g., Rodriguez v. City of N.Y.*, 721 F. Supp. 2d 148, 151-52 (E.D.N.Y. 2010) ("The Court is authorized to fulfill [its] obligation [to determine a reasonable attorneys' fee in a class action] by governing and supervising the ethical conduct of attorneys as provided in the Code of Professional Responsibility" and "[i]n determining what fees are reasonable, a district court may consider a lawyer's misconduct, which affects the value of the lawyer's services.")   Quinn Emanuel calls this argument "incendiary" but does not deny that it is refusing to provide an accounting contrary to its obligations under Rules of Professional Conduct.[1]

For these reasons, Objectors believe the Court should first hear and resolve their motion for an accounting and for discovery before Quinn Emanuel's motion for fees.  With simultaneous briefing, Objectors will not have the benefit of the information they seek from Quinn Emanuel for their opposition to Quinn Emanuel's fee application.   Under its proposal, Quinn Emanuel could oppose the Objectors' motion for discovery and accounting by claiming the issue is moot because the parties have already briefed the fee motion.  This is not a just result and would deny Class Members rights to which they are entitled.  Quinn Emanuel's attempts to respond to this point by arguing that "if the Court permits and then grants either of their motions, it can consider anything from them at that time" but this argument misses the point.  Under Quinn Emanuel's proposal, Objectors' opposition to the fee motion would be due on the same day Quinn Emanuel files its opposition to the discovery motion.  Thus, under Quinn Emanuel's proposal, when Objectors file their opposition they will not have the information the Court may order Quinn Emanuel to produce.  This would be an unfair result.  In short, Quinn Emanuel's proposal would

---

[1] Quinn Emanuel's contention that Objectors have not provided it with authority is simply incorrect.  On three separate occasions Objectors have tried to explain to Quinn Emanuel their reasons for seeking the information they want and have provided authority in writing.  Each time, Quinn Emanuel responded the same way:  "file a motion."

-8-

cause Objectors undue prejudice.  In contrast, the Objectors' proposal would not cause any

prejudice to Quinn Emanuel, especially because the firm has already distributed the funds to its

partners.

       Therefore, Objectors propose a two-stage briefing schedule. Under this proposed

schedule, the Court will first decide Objectors' requests for an accounting and for discovery

regarding the insurance.  To avoid delay, Objectors also propose that the Court schedule the

briefing on the fee motion to begin shortly after the hearing on the Objectors' motion.

       Objectors respectfully request the following schedule:

Motion Requesting Fee Accounting and Discovery

| | |
|---|---|
| Objector's Opening Brief | April 25, 2023 |
| Class Counsel's Opposition | May 16, 2023 |
| Reply | May 26, 2023 |
| Hearing | Week of May 29, 2023, subject to the Court's availability |

Supplemental Briefing on Motion for Fees

| | |
|---|---|
| Class Counsel's Opening Brief | June 12, 2023 |
| Objectors' Response | July 12, 2023 |
| Class Counsel's Reply | July 26, 2023 |
| Hearing | Week of July 31, 2023, subject to the Court's availability |

-9-

DATED:  April 4, 2023

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

*/s/ Adam B. Wolfson*
Adam B. Wolfson
adamwolfson@quinnemanuel.com
865 S. Figueroa Street
Los Angeles, California 90017
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Andrew Schapiro
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone:  (312) 705-7400
Facsimile:  (312) 705-7401

*Attorneys for Plaintiffs Health Republic*
*Insurance Company and Common Ground*
*Healthcare Cooperative and the Class*

SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP

*/s/ Moe Keshavarzi*
Moe Keshavarzi
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
Telephone:  213.620.1780
Facsimile:  213.443.2910
mkeshavarzi@sheppardmullin.com

*Attorneys for Objectors Kaiser Health Plan*
*and United Behavioral Health*