IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| COMMON GROUND HEALTHCARE COOPERATIVE,<br><br>        Plaintiff,<br>        on behalf of itself and all others similarly situated,<br><br>        vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>        Defendant. | No. 1:17-cv-00877-KCD<br>(Judge Davis) |

## JOINT STATUS REPORT

Pursuant to the Court's March 28, 2024 order, the parties respectfully submit this joint status report.

As the parties reported to the Court in their January 26, 2024 Joint Status Report, this case is currently stayed because the Government is working with a number of CSR Plaintiffs to determine whether they may efficiently resolve this and other pending CSR matters without further litigation or at least streamline these cases. On March 28, 2024, the Court ordered the parties to file a joint status report on or before May 24, 2024.

Pursuant to the Court's March 28, 2024 order, the parties respectfully submit this Joint Status Report. As stated in the parties' previous Joint Status Report, counsel for the parties have reached a tentative agreement in principle on a methodology by which the parties believe some of these CSR cases can be settled, including this case. This settlement methodology has been preliminarily reviewed by officials at both the Department of Health and Human Services and the Department of Justice, but the actual settlement of each CSR case applying that methodology

must be approved and accepted by Defendant and each participating CSR plaintiff before it can be finally authorized.

A process to gather and verify certain relevant data is underway to determine and calculate the damages that may be owed to a given CSR plaintiff insurer for a given year pursuant to the agreed-upon methodology.  Specifically, any CSR Class Member who seeks to recover CSR amounts for one or more of the 2018, 2019, or 2020 benefit years, and has not already obtained a reconciled CSR amount from CMS for that benefit year, is participating in a CMS data submission and reconciliation process.  These submissions are currently due to CMS by May 31, 2024, although some insurers have requested an extension of this May 31, 2024 deadline.  After CMS has received the CSR submissions for all CSR Class Members that are seeking recovery for the 2018-2020 benefit years, it will take CMS approximately four to six weeks to process the data and provide all participating CSR Class Members with a reconciled CSR amount.  In addition, all CSR Class Members that are seeking recovery for the 2018-2020 benefit years must attest to how they loaded their premiums annually, to enable CMS to ascertain the appropriate amount of Advanced Premium Tax Credits (APTC).  These reconciled CSR and APTC amounts will then be used in a formula that seeks to account for the effect of premium silver-loading or broad-loading to determine damages, in accordance with the settlement methodology the parties have agreed to in principle.  Once the agreed-upon relevant data is gathered, reconciled, and used in the settlement formula to establish a damages amount, each CSR Class Member will have the option of continuing with settlement or opting out and reserving their rights to pursue litigation.

The parties also are working to complete a draft form settlement agreement and release for this case.  However, DOJ and CMS have stated that they cannot provide final approval for

any form settlement agreement and release unless the agreement includes proposed final settlement numbers for each Class Member intending to participate in settlement. These settlement numbers will not be available until the conclusion of the process described above. Once the final proposed settlement numbers are available, DOJ and CMS anticipate it may take several months to obtain approval for any settlement agreement.

With respect to the 2017 benefit year, the parties have the final CSR amounts, and the parties agree that no silver-loading or broad-loading adjustment is required for the 2017 benefit year. The parties are discussing the possibility of having the amounts for the 2017 benefit year paid out sooner, without waiting for the 2018, 2019, and 2020 benefit years to be calculated.

**Class Counsel's Position:** Class Counsel respectfully requests a status conference regarding the settlement process. Despite repeated requests for updates, it has taken many weeks or months for the Government to respond to basic requests for updates. Class Counsel sent the Government a class-specific settlement agreement on December 15, 2023, but the Government has not provided any edits to that agreement. During a March 6, 2024 meet and confer call, the Government stated that they would send revisions to the class settlement agreement within a week. Despite repeated follow up with the Government, the Government has still not sent any revisions to the class settlement agreement. At this point, Class Counsel believes a status conference with the Court would be beneficial to establish deadlines and expectations for finalizing the settlement of the CSR claims, including providing the Court with firm deadlines for the CSR reconciliation process, which is a key precursor to finalizing the settlement.

**Government's Position:** As discussed during a May 17, 2024 meet and confer between the parties, the primary problem with the current draft settlement agreement is that it refers to a settlement process and not a settlement amount. The Government cannot obtain final settlement

approval from the authorized representative of the Attorney General for a settlement process. Regarding the 2017 CSR amount, without revealing the substance of the settlement discussions, the fact that plaintiffs are proposing a settlement agreement for these amounts indicates that they are seeking an arrangement different from the other plaintiffs that received 2017 CSR amounts through stipulated judgments. We are discussing internally and with CMS all of these issues (as well as all the issues with other plaintiffs) and believe that negotiations with plaintiffs in this case and the settlement process for all CSR plaintiffs is moving forward, however, we do not oppose a joint status conference to discuss it further.

| | |
|---|---|
| DATED: May 24, 2024 | Respectfully submitted, |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
| /s/ Adam B. Wolfson<br>Adam B. Wolfson<br>adamwolfson@quinnemanuel.com<br>865 S. Figueroa Street<br>Los Angeles, California 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100 | PATRICIA M. McCARTHY<br>Director<br><br>/s/ Claudia Burke<br>CLAUDIA BURKE<br>Deputy Director |
| Andrew H. Schapiro<br>andrewschapiro@quinnemanuel.com<br>191 N. Wacker Drive, Suite 2700<br>Chicago, Illinois 60606<br>Telephone: (312) 705-7400<br>Facsimile: (312) 705-7401 | /s/ David M. Kerr<br>DAVID M. KERR<br>Senior Trial Counsel<br>Commercial Litigation Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, DC 20044<br>Telephone: (202) 305-7597<br>Facsimile: (202) 307-2503<br>Email: David.M.Kerr@usdoj.gov |
| *Attorneys for Plaintiff Common Ground Healthcare Cooperative and the Class* | |

OF COUNSEL:

ALBERT S. IAROSSI
Assistant Director
U.S. Department of Justice

*Attorneys for Defendant United States of America*